PER CURIAM.
The Florida Bar has petitioned the Court to amend Article XVI of the Integration Rule of The Florida Bar, concerning the unauthorized practice of law. Having heard oral argument in this matter and upon examination of the Rule as amended, the petition is granted, and Article XVI of the Integration Rule as previously adopted is hereby amended by striking that Article and by inserting in lieu thereof new Article XVI of the Integration Rule, reading as follows, viz:
ARTICLE XVI UNAUTHORIZED PRACTICE OF LAW
/. JURISDICTION
Pursuant to the provisions of Article V, Section 15 of the Florida Constitution, this Court has inherent jurisdiction to prohibit the unauthorized practice of law.

II. INVESTIGATION

A. The Florida Bar, as an official arm of this Court, is charged with the duty of investigating matters pertaining to the unauthorized practice of law. The Board of Governors of The Florida Bar shall establish not less than one (1) Unauthorized Practice of Law Committee in each judicial circuit. The Board of Governors of The Florida Bar shall establish a Standing Committee on Unauthorized Practice of Law of The Florida Bar, which shall supervise and be responsible for each of the circuit committees. The circuit committees shall receive complaints and conduct investigations of reported unauthorized practice of law.
1. Each circuit committee shall be appointed by the Board of Governors and shall consist of not less than three members of The Florida Bar.
2. The terms of the members of circuit committees shall begin on the first day of *8 July and shall end on the next succeeding thirtieth day of June or until such time as their successors are appointed and qualified. The expiration of the term of any member shall not disqualify such member from concluding any investigations pending before him.
3. There shall be a chairman designated by the Board of Governors and a vice chairman and secretary designated by the chairman of each circuit committee.
4. Any member may be removed from his office by the Board of Governors.
5. A majority of a circuit committee, but not less than three members, shall constitute a quorum. All matters requiring a vote of a circuit committee shall be decided by an affirmative vote of a majority of a quorum of the committee.
B. It shall be the duty of each circuit committee to investigate, with dispatch, all reports of unauthorized practice of law, and to make prompt written report of its investigation and findings to the Standing Committee on" Unauthorized Practice of Law. It shall be the duty of the Standing Committee to receive and evaluate circuit committee reports and make its findings and recommendations to the Board of Governors. The Board of Governors shall act upon said reports, findings and recommendations and determine whether or not litigation should be instituted against any alleged offender. The Board of Governors may approve civil injunctive proceedings, indirect criminal contempt proceedings or a combination of both pursuant to the provisions of this article.
1.Upon receiving a written application of the president of The Florida Bar, or the chairman of the Standing Committee on Unauthorized Practice of Law, alleging facts indicating that a person, firm or corporation is or may be unlawfully practicing law and that the issuance of a subpoena is necessary for the investigation of such unauthorized practice, the clerk of the Supreme Court of Florida shall issue subpoenas in the name of the Chief Justice for the attendance of any person and production of books and records before investigating circuit committee designated in such application at the time and place within its circuit designated by the investigating circuit committee. Such subpoenas shall be returnable to the circuit court of the residence or place of business of- the person subpoenaed. A like subpoena shall issue upon application by any person, firm or corporation under investigation.
2. Failure to comply with any subpoena shall constitute a contempt of the Supreme Court of Florida, and may be punished by it or by the circuit court of the circuit to which the subpoena is returnable or where the contemner may be found. The circuit courts to which the subpoenas are returnable shall have power to enter such protective orders as may be necessary for the enforcement of said subpoenas.
3. Each circuit committee conducting investigations is empowered to take and have transcribed the testimony and evidence of witnesses who may be sworn by any person authorized by law to administer oaths.

III. LITIGATION

A. Civil Injunction Proceeding
1. Complaints shall be by written petition filed in this Court by The Florida Bar and in its name.
2. Each such petition shall be processed in this Court in accordance with the following procedure:
a. The petition shall not be framed in technical language, but shall with reasonable clarity set forth the alleged facts constituting the unauthorized practice of law. A prayer for relief may be included in the petition, but shall not be required.
b. This Court, upon consideration oí any petition so filed, may issue its order to show cause directed to the respondent com *9 manding said respondent to show cause if any there be, why the respondent should not be enjoined from the alleged unauthorized practice of law, and further requiring the respondent to file with the Court within twenty days after service of the petition and show cause order on him, a written answer admitting or denying the matter set forth in the petition. The legal sufficiency of the petition may, at the option of the respondent, be raised by motion to dismiss filed prior to or at the time of the filing of the answer. The filing of a motion to dismiss prior to the filing of an answer shall postpone the time for the filing of an answer until ten days after disposition of said motion. The order and petition shall be served upon the respondent in the manner provided for service of process by Rule 1.070(b), Florida Rules of Civil Procedure. Service of all other pleadings shall be governed by the provisions of Rule 1.080, Florida Rules of Civil Procedure.
c. Any party may request oral argument upon any question of law raised by the initial pleadings. The Court may, in its discretion, set the matter for oral argument upon the next convenient motion day, or at such time as it deems appropriate.
d. If no response or defense is filed within the time permitted, the allegations of the petition shall be taken as true for purposes of that action. The Court will then, upon its motion or upon motion of any party, decide the case upon its merits, granting such relief and issuing such order as might be appropriate; or it may refer the petition for further proceedings according to this Article.
e. If a response or defense filed by a respondent raises no issue or issues of material fact, any party, upon motion, may request a judgment on the pleadings and the Court may rule thereon as a matter of law.
f. The Court, upon its motion or upon motion of any party, shall refer questions of fact to a referee for determination. The referee shall be a circuit judge of the State of Florida.
3. Proceedings before the referee shall be in accordance with the following:
a. The proceeding before the referee shall be held in the county where the respondent resides or where the alleged offense was committed, whichever shall be designated by the Court.
b. Upon assignment of a cause for trial, the Board of Governors shall appoint bar counsel to prosecute the same before the referee.
c. Witness subpoenas shall run in the name of this Court and shall be issued by the referee upon request of a party. Failure or refusal to comply with any subpoena shall be a contempt of this Court and may be punished by this Court or by any circuit court where the action is pending or where the contemner may be found, as if said refusal were a contempt of that court.
d. The Florida Rules of Civil Procedure, including those provisions pertaining to discovery, not inconsistent with this Article, shall apply in proceedings before the referee. The powers and jurisdiction generally reposed in “the court” under said Rules may in this action be exercised by the referee. The Florida Bar may in every case amend its petition one time as of right, within 60 days after the filing of the order of reference to a referee.
e. Review of interlocutory rulings of the referee may be had by petition to this Court filed within thirty days after entry of the ruling complained of. A supporting brief and a transcript containing conformed copies of pertinent portions of the record in the form of an appendix shall be filed with the Court by a party seeking such review. Any opposing party may file his responsive brief and appendix containing any additional portions of the record deemed pertinent to the issues raised within ten days thereafter. The petitioner may file a reply brief within five days of the date of service of the opposing party’s responsive brief. Any party may request *10 oral argument at the time his brief is filed or due. Interlocutory review .hereunder shall not stay the cause before the referee unless the referee or this Court on its motion or upon motion of any party, shall so order.
4. The referee shall report in writing to the Court his findings of fact, conclusions of law and recommendations for final disposition of the cause. The original record shall be filed with his report. A copy of the referee’s report shall be served upon all parties by the referee at the time the same is filed in this Court.
5. Objections to the report of the referee may be filed in this Court by any party aggrieved, within thirty days after the filing of said report. If the objector desires, he may file a brief in support of his objections at the time his objections are filed. Any other party may file a responsive brief within twenty days after service of objector’s brief. The objector may file a reply brief within ten days of service of the opposing party’s responsive brief. Oral argument will be allowed at the Court’s discretion and will be governed by the provisions of Florida Appellate Rules, Rule 3.10.
6. Upon the expiration of the time to file objections to the referee’s report, the Court shall review the report of the referee, together with any briefs or objections filed in support of or opposition to such report. After review, the Court, shall determine as a matter of law whether the respondent has engaged in the unauthorized practice of law and whether his activities should be enjoined by appropriate order.
7. Nothing set forth in this Rule shall be construed to prohibit or limit the right of the Court, upon proper application, to issue a preliminary or temporary injunction, or at any stage of the proceedings, to enter any such order as to the Court may seem proper when public harm or the possibility thereof is made apparent to the Court, in order that such harm may be summarily prevented or speedily enjoined.
B. Indirect Criminal Contempt Proceeding
1. An indirect criminal contempt proceeding for unauthorized practice of law, shall be prosecuted in the following manner :
a. Upon receiving a sworn petition of the president of The Florida Bar, or the chairman of the Standing Committee on Unauthorized Practice of Law, alleging facts indicating that a person, firm or corporation is or may be unlawfully practicing law, and containing a prayer for a contempt citation, the Court may issue an order directed to the respondent, stating the essential allegations charged and requiring respondent to appear before a referee appointed by the Court to show cause why respondent should not be held in contempt of this Court for unauthorized practice of law. The referee shall be a circuit judge of the State of Florida. The order shall specify the time and place of the hearing, and a reasonable time shall be allowed for preparation of the defense after service of the order on the respondent.
b. Any respondent, who is determined to be insolvent by the referee, shall be entitled to the appointment of counsel. In proceedings for the determination of insolvency, there shall be a presumption of solvency, and the respondent shall have the burden of rebutting the presumption by competent proof. The following facts shall be prima facie evidence of solvency:
(1) If the respondent has been released on bail in the amount of fifteen hundred dollars or more;
(2) If the respondent has no dependents and his gross income exceeds seventy-five dollars per week; the income limit shall be increased by ten dollars per week for each of the first two dependents of the defendant and by five dollars per week for each dependent beyond the first two;
*11 (3) If the defendant owns cash in excess of $300.
c. The court shall also consider the following additional circumstances in determining insolvency:
(1) The probable expense and burden of defending the case;
(2) The ownership of, or equity in, any tangible or intangible personal property or real property or the expectancy of an interest in any such property by the respondent ; and
(3) The amount of debts owed by the respondent or debts that might be incurred by the respondent because of illness or other misfortunes within his family.
d. Venue for the hearing before the referee shall be in the county where the respondent resides or where the alleged offense was committed, whichever shall be designated by the Court.
e. The respondent, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answer such order by way of explanation or defense. All motions and the answer shall be in writing. A respondent’s omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.
f. The Court or referee may issue an order of arrest of the respondent if the Court or referee has reason to believe the respondent will not appear in response to the order to show cause. The respondent shall be admitted to bail in the manner provided by law in cirminal cases.
g. The respondent shall be arraigned at the time of the hearing before the referee, or prior thereto upon his request. A hearing to determine the guilt or innocence of the respondent shall follow a plea of not guilty. The respondent is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and confront witnesses against him. The respondent may testify in his own defense.
No respondent may be compelled to testify. A presumption of innocence shall be accorded the respondent, and The Florida Bar, which shall act as prosecuting authority, must prove guilt of the respondent beyond a reasonable doubt.
h. The referee shall hear all issues of law and fact and all evidence and testimony presented shall be transcribed.
i. At the conclusion of the hearing, the referee shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the respondent has been found and adjudicated guilty.
j. Prior to the pronouncement of a recommended sentence upon a judgment of guilty, the referee shall inform the respondent of the accusation and judgment against him and afford him the opportunity to present evidence of mitigating circumstances. The recommended sentence shall be pronounced in open court and in the presence of the respondent.
k. The judgment and recommended sentence, upon a finding of “guilty,” together with the entire record of proceedings shall then be forwarded to this Court for approval, modification or rejection based upon the law. The respondent may file objections, together with a supporting brief, to the referee’s judgment and recommended sentence within thirty days of the date of filing with the Court of the referee’s judgment, recommended sentence, and record of proceedings. The Florida Bar may file a responsive brief within ten days after service of respondent’s brief. The respondent may file a reply brief within five days after service of The Florida Bar’s responsive brief.
2. The punishment for an indirect criminal contempt under this Article shall be by fine, not to exceed $2,500, imprisonment of up to five months, or both.
3. Nothing set forth herein shall be construed to prohibit or limit the right of
*12 the Court to issue a permanent injunction in lieu of or in addition to any punishment imposed for an indirect criminal contempt.
It is so ordered.
ADKINS, C. J., ROBERTS, BOYD, OVERTON, ENGLAND and DREW (Retired), JJ., and MASON, Circuit Judge, concur.